1          **IN THE UNITED STATES DISTRICT COURT**

2

3               **FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,        .

4                          Plaintiff,    .   Docket No.  CR 21-161-RBW

5          vs.                    .

6                                 .

DUSTIN THOMPSON,                  .   Washington, D.C.

7                                 .   Thursday, April 14 2022

                    Defendant.    .

8     . . . . . . . . . . . . . . . . .x  9:04 a.m.

9

10        TRANSCRIPT OF JURY TRIAL – VOLUME 4 of 4

11     BEFORE THE HONORABLE SENIOR JUDGE REGGIE B. WALTON

12             UNITED STATES DISTRICT JUDGE

13    APPEARANCES:

14    For the Government:   **Jennifer M. Rozzoni, AUSA**
                          U.S. ATTORNEY'S OFFICE

15                        203 3rd Street, Suite 900
                          Albuquerque, New Mexico 87102

16                        (505) 350-6818
                          jennifer.m.rozzoni@usdoj.gov

17

                          **William Dreher, AUSA**

18                        U.S. ATTORNEY'S OFFICE
                          700 Stewart Street, Suite 5230

19                        Seattle, WA 98101
                          (206) 553-4579

20                        william.dreher@usdoj.gov

21

22    For the Defendant:   **Samuel H. Shamansky, Esquire**
                          **Donald L. Regensburger, Esquire**

23                        523 S 3rd Street
                          Columbus, Ohio 43215

24                        (614) 242-3939
                          shamanskyco@gmail.com

25

1    APPEARANCES (Cont'd):

2    Court Reporter:   Cathryn J. Jones, RPR
                       Official Court Reporter
3                      Room 6521, U.S. District Court
                       333 Constitution Avenue, N.W.
4                      Washington, D.C. 20001

5

6

7    Proceedings recorded by machine shorthand, transcript
     produced by computer-aided transcription.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**TABLE OF CONTENTS**

**WITNESSES**

**On behalf of the Government:**

|                                    | **Direct** | **Cross** | **Redirect** |
|------------------------------------|------------|-----------|--------------|
| Special Agent Brian Thomas         |            |           |              |
|   (By Ms. Rozzoni)        | 574        |           |              |
|   (By Mr. Shamansky)      |            | 582       |              |

**MISCELLANY**

                                                      Page No.:

Closing Argument on behalf of the Government ...... 585

Closing Argument on behalf of the Defendant ....... 605

Rebuttal Argument on behalf of the Government ..... 610

Jury Instructions by the Court ................... 614

Jury Verdict...................................... 642

\*\*\*

1  woke up.  His testimony about what he had seen after waking

2  up would be circumstantial evidence that it had snowed while

3  he was asleep.

4          The law says that both direct and circumstantial

5  evidence are acceptable as a means of proving a fact.  The

6  law does not favor one form of evidence over another.  If

7  you decide it is for you to decide how much weight to give

8  to any particular evidence whether it is direct or

9  circumstantial.  You are permitted to give equal weight to

10  both.  Circumstantial evidence does not require a greater

11  degree of certainty than direct evidence.  In reaching a

12  verdict in this case you should consider all of the evidence

13  presented both direct and circumstantial.

14          Now the weight of the evidence is not necessarily

15  determined by the number of witnesses testifying for either

16  side.  Rather, you should consider all of the facts and

17  circumstances in evidence to determine which of the

18  witnesses you believe.  You might find that the testimony of

19  a smaller number of witnesses on one side is more believable

20  than the testimony of a greater number of witnesses on the

21  other side or you may find the opposite.

22          Now you have heard evidence regarding statements

23  made by former president Donald Trump and Rudolph Giuliani

24  on January 6, 2021.  This evidence has been admitted for a

25  limited purpose.  That is, that is its potential impact on

1   the intent required to establish the defendant's guilt on

2   the offenses he has been charged with committing in this

3   case if you conclude that the defendant heard those

4   statements.

5           You're not to consider that evidence for any other

6   purpose.  Neither former president Donald Trump nor Rudy

7   Giuliani actually had the power to authorize or make legal

8   the alleged crimes charged in this case.  Again, the

9   evidence regarding their statements may be only used in your

10  assessment as to whether the defendant had the required

11  intent to commit the crimes for which he has been charged.

12          Now the superseding indictment that you've heard

13  made reference to is merely the formal way of accusing a

14  person of a crime.  You must not consider the superseding

15  indictment as evidence of any evidence of any kind.  You may

16  not consider it as any evidence of Dustin Thompson's guilt

17  or draw any inference of guilt from it.

18          Now statements and the arguments of the lawyers

19  are not evidence.  They are only intend to assist you in

20  understanding the evidence.  Similarly the questions of the

21  lawyer are no evidence.  Now the lawyers in this case

22  sometimes objected when the other side asked a question,

23  made an argument or offered evidence that the objecting

24  lawyer believed was not proper.  You must not hold such

25  objections against a lawyer who made them or the party he or