## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **No. 21-cr-203 (JDB)** |
| | ) | |
| **ALEXANDER SHEPPARD,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENSE MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE AT TRIAL

Mr. Sheppard, through counsel, moves the Court to preclude the government from (1) introducing an irrelevant and prejudicial 22 minute compilation video,[1] and (2), using inflammatory language related to the events of January 6th. Such evidence is not relevant and thus inadmissible under Federal Rules of Evidence 401 and 402. Even if the Court deems any of this evidence relevant, such evidence should nonetheless be excluded under Rule 403 because any probative value is outweighed by a significant danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence.

---

[1] Defense counsel will share this video exhibit with the Court.

**Background**

In mostly every January 6 trial held thus far, the government has been introducing a 22 minute video montage capturing surveillance of thousands of other individuals on the Capitol Grounds and inside the Capitol building on January 6, 2021. Much of this video highlights many of the key breaches that occurred that day, highlighting violence and activities that Mr. Sheppard was not involved in. Mr. Sheppard is only featured for few seconds appearing to be non-violent and walking through a hallway in the Capitol building. *See* Government Montage Exhibit at 10:46-49.



The rest of this video compilation shows the activities of other individuals connected to the events on January 6, 2021, and is unrelated to Mr. Sheppard's charges. Its only purpose is to inflame the passions of the jury.

The government has also been introducing inflammatory language that paints all defendants with one broad stroke, such as "rioters and insurrectionists." The government and the media have portrayed the events of January 6 as an

attempt to overthrow the government – and an attack on democracy itself.[2] As the Court is aware, a large portion of D.C. residents either work for the federal government themselves or have friends or family who do. The government has sought to introduce the prejudicial video montage to portray an "attack" on the Capitol. It also seeks to use language to support the narrative that all defendants are "insurrectionists." *See e.g., United States v. Cuoy Griffin*, No. 21-cr-192-TNM, ECF No. 105, Motions hearing transcript.  In addition, in several filings, the government has used the terms, "riot," "insurrection," or "attack" and other inflammatory terms to describe the events of January 6th.

Mr. Sheppard has not been charged with assault, seditious conspiracy, or any other crime that would support the notion that he "attacked" the capitol or was an "insurrectionist."

## Legal Standard

Rule 401 mandates that evidence is only relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence, and, the fact is of consequence in determining the action." Fed. Rule. Evid. 401. Irrelevant evidence is not admissible. Fed. Rule. Evid. 402.

---

[2] *See, e.g.,* Kevin McCoy & Kevin Johnson, *Investigators Signal Some Capitol Riot Suspects Could Be Charged with Conspiring to Overthrow U.S. Government*, USA Today, (Feb. 19, 2021), https://www.usatoday.com/story/news/2021/02/19/capitol-riot-did-conspirators-try-overthrow-u-s-government/6750393002/; *see also The January 6 Attack on the U.S. Capitol*, American Oversight (Jan. 5, 2022), https://www.americanoversight.org/investigation/the-january-6-attack-on-the-u-s-capitol. ("Trump supporters having for weeks discussed openly their plans for a violent overthrow.").

Rule 403 prohibits evidence when its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury…" Fed. Rule. Evid. 403.  "Unfair prejudice" results when some potentially relevant evidence is designed to "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. U.S.*, 519 U.S. 172, 180 (1997).  It is well established that a court should "weigh the probative value of evidence in light of appropriate evidentiary alternatives." *Id.* at 182-185; *See also Henderson v. George Washington University*, 449 F.3d 127, 137 (D.C.Cir. 2006) ("The prejudice to an opponent can be said to be 'unfair' when the proponent of the evidence could prove the fact of other, non-prejudicial evidence").

"Pretrial consideration of evidentiary issues serves to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record."  *United States v. De Armas Diaz*, No. 2:13-cr-00148-JAD-GWF, 2014 U.S. Dist. LEXIS 51850, at *1-2 (D. Nev. Apr. 14, 2014).

## Argument

### I.    The Government's Montage Exhibit is Not Relevant

The government's anticipated compilation and summary exhibit is 22 minutes in duration and portrays individuals who are not Mr. Sheppard engage in activities that Mr. Sheppard did not. Besides the three seconds that Mr. Sheppard makes an appearance, the rest of the video does not make any fact more or less probable and does not determine any fact of consequence with regards to Mr. Sheppard specifically. The video montage begins at 12:51 p.m., when Mr. Sheppard

was nowhere near the Capitol Building. The video then takes the observer through the main breaches of that day at various parts of the building, mostly areas that Mr. Sheppard never walked through. The video ends at 4:30 in the afternoon, long after Mr. Sheppard left the Capitol building.

Under the relevancy test of Rule 401, "there is no such thing as 'highly relevant' evidence or…'marginally relevant' evidence. Evidence is either relevant or it is not." *United States v. Foster*, 986 F.2d 541, 545 (D.C. Cir. 1993). The initial step in determining relevancy is "to identify the matter properly provable….and discovery to what proposition it is supposed to be relevant" *Id.* (citing *Probability and the Law*, 29 CAL. L. REV. 689, 696 n. 15 (1941)). With this guidance, the only proposition the video compilation proves is that thousands of people other than Mr. Sheppard violently broke into the Capitol Building on January 6, 2021 and breached many police lines. However, that fact does not make it more or less probable that Mr. Sheppard himself did those things because he is clearly not committing those acts in the video. Therefore, this video montage is not relevant for Mr. Sheppard's trial and should be excluded under Rule 402.

Lastly, courts have found this type of "background" information inadmissible when it is not relevant for any other purpose.  In *United States v. Evans*, 216 F.3d 80, 87 (D.C. Cir. 2000), the government also tried to offer "background" testimony to give the jury a complete picture of the events.  However, the court explained that "no matter how important it is for the government to present a complete, morally compelling narrative, it must present that narrative through admissible

evidence….” *Id*. at 86.

## II.   Admission of this Compilation Video Violates Rule 403 in Light of Appropriate Evidentiary Alternatives

The video montage is not only unfairly prejudicial, it will also undoubtedly mislead and confuse the jury. Mr. Sheppard is charged with Obstruction of an Official Proceeding, and essentially trespass and disorderly conduct. Most of the actions portrayed in this video compilation portray assaults against police, destruction of property, and police use of force against those individuals. Many of the images portrayed show tear gas in the air, police being overrun, and windows being broken with flagpoles. However, Mr. Sheppard is not being charged with assault or destruction of property and this video’s admission would be highly prejudicial given its graphic nature – placing focus on the violence that occurred that day and creating sensory anxiety in jurors. The only purpose this evidence serves is to inflame the jury by stirring up their emotions regarding the overall severity of what happened that day.

“Evidence is unfairly prejudicial if it 'makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged.” *United States v. Roberts*, 88 F.3d 872, 880 (10th Cir. 1996) (citations and inner quotations marks omitted).  “The term ‘unfair prejudice,’ as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged.” *Old Chief,* 519 U.S. 172 at 180.

Undoubtedly, the video montage the government wishes to introduce will invoke an emotional response and lure jurors into declaring guilty separate from Mr. Sheppard's actions that day, regardless of any arguments he makes. Once the jury observes this inflammatory video, there will be no "un ringing of the bell" and the damage will be done.

Most importantly, there are evidentiary alternatives available to the government that tips the balance in favor of excluding this prejudicial evidence. The *Old Chief* court set forth a methodology in balancing Rule 403 by explaining:

> The court would decide whether a particular item of evidence raised a danger of unfair prejudice. If it did, the judge would go on to evaluate the degrees of probative value and unfair prejudice not only for the item in question but for any actually available substitutes as well. *If an alternative were found to have substantially the same or greater probative value but a lower danger of unfair prejudice, sound judicial discretion would discount the value of the item first offered and exclude it* if its discounted probative value were substantially outweighed by unfairly prejudicial risk.

*Id.* at 182-183. (emphasis added). The government can simply introduce other video surveillance of just Mr. Sheppard's alleged actions and it has no need to introduce any evidence of other defendants or individuals. Admission of this narrowly tailored evidence will protect Mr. Sheppard's right to a fair trial, prevent confusion, and will prevent the presentation of cumulative evidence.

### III.   The Court Should Preclude Use of Inflammatory Labels

A federal district court has both the inherent authority and the duty to ensure that trials are conducted in a manner that protects a defendant's right to a fair trial. *See United States v. Marks*, 530 F.3d 799, 807 (9th Cir. 2008) ("District

courts have broad power to ensure that a trial proceeds in a proper manner."). That authority includes preventing the use of language that casts the defendant, or others, in a negative light – particularly when it is irrelevant to the proceeding. *See* 20 Am. Jur. Trials 441 § 20 ("Expressions, names, nicknames, and the like, which are so sensitive that their use would be likely to stir up antagonistic feelings on the part of the jurors, ought to be removed from the case at the earliest opportunity. The damage they can inflict on a party's legal position may be irreversible even if they are used but once in front of the jury"). The authority also extends to ensuring that the jury is not confused by testimony or arguments that use terms that are misleading, ambiguous, or incomplete. *See United States v. DiVarco*, 484 F.2d 670, 675 (7th Cir. 1973) ("The district judge has a duty to see that the trial does not become confusing or repetitious.").

The government should not refer to Mr. Sheppard or any other individuals from that day as "rioters," "insurrectionists," "attackers," or any other inflammatory terms. These terms are highly prejudicial for several reasons. Firstly, Mr. Sheppard has not been accused of overthrowing or attacking the U.S. government. Secondly, these terms only serve the purpose of invoking emotional responses from the jury which will lead them to judge Mr. Sheppard unfairly rather than for his specific alleged conduct.

Lastly, such terms are inadmissible hearsay and conclusory. Any out-of-court "statement" offered in evidence to prove the truth of the matter asserted is hearsay. Fed. R. Evid. 801(c).  There is no hearsay exception applicable to such terms.  These

terms are clearly the government's opinion and the government cannot provide opinion testimony through lay witnesses or expert witnesses, when jury must determine the facts. *See United States v. Johnson*, 529 F.3d 493, 497-99 (2d Cir. 2008) (finding it impermissible for government witnesses to make "sweeping conclusions about the defendant's activities"); *See also United States v. Benitez-Avila*, 570 F.3d 364, 368-69 (1st Cir. 2009) (government not permitted to choose "a more seductive narrative structure for the presentation of the evidence of guilt" to convert prejudicial and otherwise inadmissible evidence into admissible evidence).

## Conclusion

For the foregoing reasons, the Court should preclude the government from introducing irrelevant and prejudicial evidence at Mr. Sheppard's trial.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC
DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public
Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500