UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-203 (JDB) |
| | ) | |
| ALEXANDER SHEPPARD, | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**DEFENSE RESPONSE TO GOVERNMENT OMNIBUS MOTION IN LIMINE**

Mr. Sheppard, through counsel, submits this response to the government's Omnibus Motion in Limine. ECF No. 60 ("Gov. Mot."). The defense submits that most of the government's requests are premature and concern rules of evidence at trial that bind both parties – leaving no need for a pre-trial ruling.

### Gov. Motion in Limine No. 1: To Limit Unnecessary Discussion of Security Related Topics

The government seeks to preclude the defense from first discussing the exact locations of CCTV footage in the Capitol building. The defense does not intend on eliciting such testimony. However, being unaware of the government's presentation of evidence, the defense cannot foreclose the possibility it will become relevant on cross-examination. The defense will let the government and the Court know if it intends on eliciting such testimony based on any new development.

Secondly, the government seeks a ruling that would preclude evidence concerning "the protocols of the U.S. Secret Service ("USSS")." Gov. Mot. at 2, 4-6.

1

Specifically, the government seeks to limit the defense's cross examination of their Secret Service witness to questioning the agent just about his/her duty to protect the Vice President and his family. *Id*. at 5. The government seeks to exclude, however, testimony about USSS protocols related to "the locations where protectees or their motorcades are taken at the Capitol or other government buildings…..and details about the nature of USSS protective details." *Id*.

It is a little unclear exactly what the government is asking for but to the extent that it seeks to preclude any information about any details of the location of former Vice President Pence, its request should be denied as it was previously denied by the court in *U.S. v. Griffin*, 21-cr-92 (TNM), ECF No. 92. In *Griffin*, the government sought a similar exclusion and the court ruled that the defense was permitted to probe the USSS witness as to the location of Mike Pence and that any security related concern by the government did not override the defendant's sixth amendment rights. *Id*. (citing *United States v. Foster*, 986 F.2d 541, 543 (D.C. Cir. 1993) ("The more important the witness is to the government's case, the more important the defendant's right….to cross-examine the witness)). *See also U.S. v. Thomas Webster*, 21-cr-208 (APM), ECF No. 75 (court also allowing defense to cross-examine USSS about location of former Vice President at the times relevant to the defendant's charges).

As the court in *Griffin* explained, this information is directly relevant to whether or not the defendant was entering or remaining a restricted area where the Vice President was temporarily visiting. An attempt to preclude cross-examination

2

on that point would violate Mr. Sheppard's Sixth Amendment right to be confronted with the witnesses against him. As to the other government requests to preclude questioning on (1) other buildings where emergencies occur - where the motorcades are taken in those situations, and (2) details about the number and types of agents the Secret service assigns to protectees – Mr. Sheppard does not anticipate questions of this nature. However, if it becomes relevant based on the government's presentation of evidence, the defense will let the Court know.

## Gov. Motion in Limine No. 2:
## To Preclude Defendant from Arguing by Estoppel, Public Authority, or Entrapment

Firstly, the government's request to preclude Mr. Sheppard from presenting the affirmative defenses of estoppel and public authority is redundant as there has already been extensive briefing on these matters still pending before the Court. *See* ECF Nos. 40, 43, 51, 56-57. All of Mr. Sheppard's responses are contained in his briefing to the Court.

With regards to the affirmative defense of entrapment, Mr. Sheppard has not noticed this affirmative defense and therefore does not intend on presenting the defense. However, Mr. Sheppard may potentially raise evidence regarding the actions or inactions of law enforcement personnel as such information is certainly relevant to his intent that day. *See Cheek v. U.S.,* 498 U.S. 192 (1991) ("forbidding a jury to consider evidence that might negate willfullness would raise a serious question under the Sixth Amendment").

## Gov. Motion in Limine No. 3: To Preclude the Defendant from Suggesting That His Speech or Conduct was Protected by the First Amendment

The government next requests the Court to (1) allow them to use any speech, including political speech as evidence in Mr. Sheppard's trial and (2) to exclude any arguments that Mr. Sheppard's statements are protected by the First Amendment. Gov. Mot. at 19-23. This type of request is premature and presupposes that the parties will somehow not strive to abide by the rules of evidence. There are many other reasons why Mr. Sheppard would object to his statements being admitted that have nothing to do with a First Amendment protection. Mr. Sheppard is permitted to object to evidence his counsel submits is irrelevant just as the government is permitted to object to any evidence it believes is irrelevant. *See* Fed. R. Evid. 401. Even if potential statements have some probative value, the court can decline to admit them if its probative value is outweighed by substantial prejudice. *See* Fed. R. Evid. 403. The Court cannot make a blanket ruling that *any* statements shall be admitted at trial without hearing the statement and considering the potential objections.

Mr. Sheppard understands that only relevant evidence is admissible at his trial. If his intent was to engage only in protected speech, that would be relevant to his intent for many of the charged offenses. So while Mr. Sheppard may not necessarily argue his statements were protected by the First Amendment, he may argue that he did not have criminal intent to obstruct the official proceeding because his intent was to speak in accordance with his First Amendment rights. Again, the purpose of motions in limine are not to have a trial on the papers. Without knowing the evidence the government or the defense will present, it cannot

issue a blanket ruling on whether or not all statements of Mr. Sheppard are to be excluded or included.

### Gov. Motion in Limine No. 4: To Preclude Defendants from Arguing or Commenting in a Manner that Encourages Jury Nullification

Here, the government again insults the defense in asking the Court to preclude her from engaging in conduct she is not permitted to do. What is most insulting is that the defense has not indicated she will engage in impermissible behavior such as suggesting jury nullification. The defense will abide by the rules of evidence and her obligation to conform to the Rules of Ethics and has given no indication otherwise.

### Gov. Motions in Limine Nos. 5-6: To Admit Defendant's Out of Court Statements and to Preclude the Defendant's Use of his Own Out of Court Statements

The government continues to remind the defense of the Rules of Evidence she is already aware of by asking the Court to preclude her from introducing Mr. Sheppard's out of court statements as such statements would be Inadmissible Hearsay. Gov. Mot. 25-27. Mr. Sheppard understands this framework, however Federal Rule of Evidence 106, the "Rule of Completeness," is not as limited as the government suggests in its motion.

In response to certain abuses in the adversary system where the government would quote the defendant out of context during an admission of a statement by party opponent, the common law responded by creating the "completeness doctrine." 21A Charles Alan Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence §5072 (2d ed. 2005). This rule mandated that "in

5

evidencing the tenor of an utterance material or relevant, made in words, whether written or oral in original or in copy, the whole of the utterance on a single topic or transaction must be taken together." *Id.*

The common-law doctrine of completeness has been partially codified by Federal Rules of Evidence 106, which states:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part – or any other writing or recorded statement – that in fairness ought to be considered at the same time.

Fed. R. Evid. 106. *See Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 154-55 (1998) (describing the rule as preventing prejudice arising from distorted or misleadingly excised evidence, by allowing the introduction of supplementary material which enables the factfinder to determine the full context in which the originally offered statement appeared). *See also United States v. Moussaoui*, 282 F.3d 453, 481 (4th Cir. 2004).

The Advisory Committee Note to Rule 106 noted that this rule prevents statements being taken out of context and recognized that the error often cannot be fixed on cross-examination and that by that time the damage done is irreversible. Fed. R. Evid. 106 advisory committee's note to 1972 proposed rules (citation omitted). The government may not introduce portions of a defendant's statement to police if those portions fail to convey the "thrust" of the whole statement or do not give the jury a complete understanding of the total tenor and effect of the statement. *Andrews v. United States*, 922 A.2d 449 (D.C. 2007) (*citing Beech*

*Aircraft v. Rainey*, 488 U.S. 153, 170 (1988)).

Given the fact that Rule 106 does not give guidance on what must be shown to satisfy the requirement that complete information be given and does not discuss how to deal with oral conversations, courts have been split on how to fairly interpret the fairness clause. The Seventh Circuit has identified a four-part test to determine whether incomplete evidence was taken out of context:

> The test is conjunctive. Once relevance has been established, the trial court then must address the second half of the test, and should do so by asking (1) does it explain the admitted evidence, (2) does it place the admitted evidence in context, and (3) will admitting it avoid misleading the trier of fact, and (4) will admitting it ensure a fair and impartial understanding of all of the evidence.

*United States v. Velasco*, 953 F.2d 1467, 1744-75 (7th Cir. 1992). With regards to oral statements, a blanket rule of prohibition is "unwarranted, and invites abuse," and the factors in *Velasco* provide the Court with a solid test to determine each statement's admissibility on a case by case basis. *United States v. Bailey*, 322 F.Supp.3d 661, 670 (D. Md. May 25, 2017) (disputes about the content of an oral statement do not justify the government being able to introduce out of context inculpatory statements with no recourse to the defendant).

Rule 611 is connected to Rule 106 because it mandates that "the court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as: (1) to make those procedures effective for *determining the truth…*" Fed. R. Evid. 611(a). (emphasis added).

The D.C. Circuit court has rejected the notion that the rule against hearsay cannot be overcome by the need to complete the record under Rule 106. *See United*

*States v. Sutton*, 801 F.2d 1346 (D.C. Cir. 1986). Indeed, the government acknowledges in its motion that the Rule of Completeness provides an exception to the Rule against hearsay when the statements elicited by the government are taken out of context – thus requiring the government to also elicit exculpatory statements contemporaneously to provide the full and accurate picture. *See* Gov. Mot. at 26. However, the rule is not "limited" as the government suggests. The Court in *Bailey,* in a thorough opinion by Judge Grimm, flatly rejected the notion that the defense cannot introduce parts of the defendant's statements the government omitted in its direct examination as the government is now trying to prohibit Mr. Sheppard from doing. The Court in *Bailey* explained the injustice that would result:

> If he is unable to introduce the parts of his statement that the government omitted at the same time that the incomplete version is presented to the jury (or instead very shortly thereafter on cross examination, or even later during his own case) because the court rules that the omitted parts are inadmissible hearsay or (if the statement was an oral one) that Rule 106 is inapplicable to oral statements, then he has only two remaining options: (1) allow the misleading version to stand unchallenged; or (2) waive his rights against self-incrimination and testify – but only after the government has completed its case. This is a high price to pay to correct misleading information.

*Bailey*, 322 F.Supp.3d, 661 at 674. The Court in *Bailey* emphasized that Rule 106 should be considered in conjunction with Rule 611 and Rule 403 to fulfill the true purpose of the Rule of Completeness:

> If one accepts, as the language of the Rule requires, that Rule 106 may only be invoked in the first place to correct an unfair representation of incomplete information, then construing Rule 106 the way that many courts have done *countenances an abuse of the adversary system that the common-law rule of completeness was designed to prevent*. That is why the better-reasoned cases have held that, where necessary to redress an unfairly incomplete rendition of a written, recorded or oral

8

statement, evidence that would otherwise be inadmissible may be introduced.

*Id.* (emphasis added). Thus, the government's proposition that the Court should preclude Mr. Sheppard from introducing his out of court statements is premature and does not take into account the many reasons those statements would be permitted to create a fair balance and present an accurate picture to the jury.

### Gov. Motion in Limine No. 7: To Admit Certain Statutes and Records

The government requests that the Court take judicial notice of the Federal Electoral Certification Law as well as Congressional Records. Gov. Mot. at 27-28. Mr. Sheppard does not object to the Court solely taking judicial notice of established law and public records as long as admission of these items is done in a manner so as not to suggest that simply admitting these items means that the "official proceeding" element of 18 U.S.C. §1512(c)(2) has been met. The government must still prove that the Electoral Vote Count on January 6, 2021, was an "official proceeding" under the meaning of the statute. Therefore, the defense consents to a jury instruction that would take judicial notice of the above, however would still instruct the jury that it must consider still whether or not the government has proved each element, including whether or not the vote count was an official proceeding.

### Conclusion

For the foregoing reasons, the Court should partially deny the government's motion in accordance with the above arguments.

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public Defender
625 Indiana Ave., N.W., Suite 550
Washington, D.C.  20004
(202) 208-7500

10