**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **No. 21-cr-203 (JDB)** |
| | ) | |
| **ALEXANDER SHEPPARD,** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## DEFENSE REPLY IN FURTHER SUPPORT OF MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE AT TRIAL

Mr. Sheppard, through counsel, submits the following reply in further support of his request to exclude a prejudicial and irrelevant compilation video as well as unnecessary and prejudicial terms referring to Mr. Sheppard and others on January 6, 2021. The government, in its opposition (ECF No. 64), claims (1) that the compilation video is necessary to prove the charged offenses, and (2) the government has no obligation to refrain from using inflammatory and conclusory words to describe Mr. Sheppard's alleged actions. However, there are far less prejudicial means the government can attempt to prove its case. Furthermore, the government ignores the fact that it is common practice for the government to refrain from using such conclusory terms that essentially give the government's opinion to the jury about the guilt of the defendant and violates the presumption of innocence.

1

I.    **The Government's Montage Exhibit is Not Necessary and Highly Prejudicial**

The government argues that it must present a 22 minute video where Mr. Sheppard is present for just a few seconds because it is necessary to prove the charges alleged. *Id*. at 5-9. However, the government has many means at its disposal that it can accomplish the same goal without presenting extremely inflammatory content that will undoubtedly adversely influence the jury. For example, the government in past January 6 cases has been presenting a video exhibit called the "Official Proceeding Montage," that also gives an overview of the timing of the certification on January 6, 2021, and exactly when it was disrupted. *See United States v. Reffitt*, 21-cr-32 (DLF), Trial Transcript beginning at 1063. In this montage, the government presents details about the certification, exactly what sides of the Capitol building the members of Congress are, when objections occurred during the vote, when the vote had to come to a halt, when members of Congress were evacuated, and when they returned to finish the certification. *Id*.

This video does not present prejudicial content and yet provides the same "context of the events that day," that the government deems is necessary to present its case. ECF No. 64 at 5. That non-prejudicial montage combined with videos displaying Mr. Sheppard's alleged activities that day are more than sufficient to present the government's theory of the case. The videos that show Mr. Sheppard also show other individuals around him and so the government's insistence that it needs to present the actions of other "rioters" to present the whole picture can be

met simply by showing the videos that are specifically applicable to Mr. Sheppard.
Doing so will focus the jury only on what was occurring in Mr. Sheppard's path,
which is the most relevant to his charges. Even if the government is correct that it
must prove "collective action" to prove potential aiding and abetting, the only
relevant evidence of that is evidence of what Mr. Sheppard saw and heard – not
what was occurring at any other time. The government's ability to use less
prejudicial evidence is a central principle that must not be forgotten. *Old Chief* v.
U.S., 519 U.S. 172, 180 (1997) (a court should weigh the probative value of evidence
in light of appropriate evidentiary alternatives).

The video montage the government wishes to present portrays multiple
brutal assaults, smoke, and tear gas that was not in Mr. Sheppard's path that day
and would have been impossible for him to see and hear. It is unclear why the
government thinks it is necessary to present that kind of evidence when Mr.
Sheppard is not charged with assault or destruction of property and when he would
not have observed such things. It is certainly not necessary to show the context and
provide a reason for the certification's delay because that kind of delay could occur
even if there were no assaults or destruction of property. Simply the presence of
many trespassers inside the Capitol building itself would have disrupted the vote
even if there was no violence. Therefore, the government does not need to present
evidence that only serves to create an emotional response about the tragic events
that occurred that day. *United States v. Roberts*, 88 F.3d 872, 880 (10th Cir. 1996)
(Evidence is unfairly prejudicial if it 'makes a conviction more likely because it

provokes an emotional response in the jury' or adversely affects the jury's attitude toward the defendant).

Admission of narrowly tailored evidence will protect Mr. Sheppard's right to a fair trial, prevent confusion, and will prevent the presentation of cumulative evidence.

## II.   The DC Courts as well as Other Courts Have in the Past Precluded Use of Conclusory Labels

The government also insists it is permitted to use inflammatory labels that presuppose Mr. Sheppard's guilt and further prejudice the jury. ECF No. 64 at 10-13. However, even putting aside the clearly inflammatory nature of a word like "insurrectionist," it is just simply not an accurate way to refer to Mr. Sheppard for two reasons. Firstly, Mr. Sheppard is not charged with being an insurrectionist. That is a separate charge, Rebellion or Insurrection, in violation of 18 U.S.C. §2383. Secondly, even if he was charged with this offense or with assault (for the term "attacker,"), he has not been convicted and using such conclusory terms is akin to using the word "victim" in many criminal trials where that has been clearly prohibited because it violates the presumption of innocence. *See e.g., United States v. Vance*, 19-cr-251 (RDM), ECF No. 33 (government agreeing to call the alleged victim by his full name to avoid prejudicial impact of using the word "victim").

There is a particularly strong prejudicial effect when the government signals its belief that the defendant is guilty:

> When a prosecutor gives his personal opinion on the …defendant's guilt, the Supreme Court explained that 'such comments can convey the impression that evidence not presented to the jury, but known to

the prosecutor, supports the charges against the defendant and can
thus jeopardize the defendant's right to be tried solely on the basis of
the evidence presented to the jury. (citation omitted). 'The prosecutor's
opinion,' the Supreme Court reasoned, 'carries with it the imprimatur
of the Government and may induce the jury to trust the Government's
judgment rather than its own view of the evidence.' (citation omitted).

*United States v. Hampton*, 718 F.3d 978, 983 (D.C. Cir. 2013). Courts have found

that the word "victim" should not be used in a case where the commission of a crime

is in dispute." *Jackson v. State*, 600 A.2d 21, 24 (S. Court. Del. 1990). The word

"victim" in most criminal cases is similar to the analysis in January 6 cases because

by using words like "insurrectionist, rioter, attacker," the government is

inappropriately telling the jury that Mr. Sheppard is already guilty while he is

maintaining his innocence before them. Even the word "rioter" presupposes that Mr.

Sheppard is guilty of being disorderly or disruptive, two of the alleged charges in

the indictment.

There is no justifiable need to use such terms that would outweigh the

interest in protecting the strong presumption of innocence that our criminal justice

system is based upon. The government can refer to Mr. Sheppard as "Mr. Sheppard"

and other individuals as "other individuals present," but should be precluded from

using inaccurate and highly prejudicial words that will unnecessarily compromise

the jury's attitude towards Mr. Sheppard.

## Conclusion

For the foregoing reasons, the Court should preclude the government from

introducing irrelevant and prejudicial evidence at Mr. Sheppard's trial.

5

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC
DEFENDER

_____/s/_____

Maria N. Jacob
Assistant Federal Public
Defender
625 Indiana Ave., N.W., Suite
550
Washington, D.C.  20004
(202) 208-7500