**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **United States of America**, | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **No. 21-203 (JDB)** |
| **Alexander Sheppard,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>DEFENSE PROPOSED JURY INSTRUCTIONS</u>

Mr. Sheppard, through counsel, respectfully moves this Court to permit these jury instructions to be filed in the above case.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____

Maria N. Jacob
D.C. Bar No. 1031486
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500
Maria_Jacob@fd.org

**DEFENSE PROPOSED INSTRUCTION No. 1[1]**

**Elements of the Offense 18 U.S.C. §1512(c)(2) (Obstruction of an Official Proceeding)**

For you to find the defendant guilty of the crime charged in Count One of the Indictment, you must find that the government has proven each of the following elements beyond a reasonable doubt:

1. First, that the defendant attempted to and did obstruct or impede any official proceeding;

2. Second, the defendant intended to obstruct or impede the official proceeding;

3. Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding, and;

4. Fourth, that the defendant acted corruptly.

<u>Definitions</u>

The term "official proceeding" is a formal hearing before a tribunal.[2] The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of the conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

---

[1] *See United States v. Guy Reffitt*, 21-cr-32 (DLF), Final Jury Instructions, ECF No. 119 at 25; *United States v. Thomas Robertson*, 21-cr-34 (CRC), Final Jury Instructions, ECF No. 86 at 12-13.
[2] *United States v. Ermoian*, 752 F.3d 1165, 1172 (9th Cir. 2013). Defense counsel acknowledges that this meaning was not accepted by several judges in this court in opinions issued in response to motions to dismiss this charge. However, in *United States v. Sandlin*, 21-cr-088 (DLF), ECF No. 63 at 7, the court did agree that "official proceeding" is one that must be akin to a formal hearing.

To act "corruptly," the defendant must use unlawful means or act with an unlawful purpose, and had an intent to obstruct and to obtain an unlawful benefit for himself or an associate.[3] The defendant must also act with "consciousness of wrongdoing," which means an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[4]

The word "attempt" in the first element means that the defendant had the intent to do the act and took a substantial step towards completing it. In connection with that, it would not be enough to show merely that the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it. Nor would it be sufficient if the defendant simply made plans to commit the offense; the evidence must show that the defendant took clear steps to carry out his intent. If you find either that defendant knowingly committed the act or attempted to commit it, the first element is satisfied.[5]

---

[3] *Reffit,* ECF 119 at 25; *see also United States v. Montgomery*, 578 F. Supp. 3d 54, 83 (D.D.C. 2021) ("The predominant view among the courts of appeals is that the 'corruptly' standard requires at least an 'improper purpose' and an 'intent to obstruct.').
[4] *Reffitt*, ECF No. 119 at 25-26.
[5] *United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 29.

<u>Aiding and Abetting</u>[6]

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleged that Mr. Sheppard aided and abetted others in committing Obstruction of an Official Proceeding as charged in the indictment. In order to find Mr. Sheppard guilty of obstruction of an official proceeding because he aided and abetted the commission of this offense, you must find that the government proved beyond a reasonable doubt each of the following four requirements:

First: that others committed the offense charged by committed each of the elements of the offense charged, as I have explained those elements to you in these instructions.

Second: that Mr. Sheppard had advance knowledge that the offense charged was going to be committed or was being committed by others.[7]

Third: That Mr. Sheppard knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense;

Fourth: That Mr. Sheppard performed an act in furtherance of the offense charged.

In deciding whether Mr. Sheppard had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including Mr. Sheppard's words and actions and other facts and circumstances. However, evidence that Mr. Sheppard merely associated with persons involved in a criminal

---

[6] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02; *See also United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 29-31; *United States v. Hale-Cusanelli*, 21-cr-37 (TNM), Final Jury Instructions, ECF No. 84 at 29-30.
[7] *See Rosemond v. United States*, 572 U.S. 65, 81-82 (2014) ("The District Court erred…because it did not explain that Rosemond needed advance knowledge of a firearm's presence.").

venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find him guilty as an aider and abetter. If the evidence shows that Mr. Sheppard knew the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Mr. Sheppard's intent and purpose to aid, assist, encourage, facilitate or otherwise associate himself with the offense, you may not find him guilty of the offense as an aider and abetter. The government must prove beyond a reasonable doubt that Mr. Sheppard in some way participated in the offense committed by others as something Mr. Sheppard wished to bring about and to make succeed.

**DEFENSE PROPOSED INSTRUCTION NO. 2**

**Elements of Count Two- 18 U.S.C. §1752(a)(1)-Entering and Remaining in a Restricted Building or Grounds**

Count Two of the Indictment charges the defendant with entering or remaining in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant entered or remained in a restricted building or grounds without lawful authority to do so;

2. Second, that the defendant did so knowingly, meaning he knew that the building or grounds was restricted and he knew he lacked lawful authority to enter or remain there.[8]

<u>Definitions</u>

The term "restricted building or grounds" means any posted, cordoned off, or otherwise restricted area of a building or grounds where a person protected by the Secret Service is or will be temporarily visiting.

The term "person protected by the Secret Service" includes the Vice President, and the immediate family of the Vice President.[9]

The term "knowingly" shall have the same meaning as that described in the instructions for Count One.

---

[8] *Reffitt*, ECF No. 119 at 30.
[9] *United States v. Dustin Thompson*, 21-cr-161 (RBW), Final Jury Instructions, ECF No. 83 at 31.

## DEFENSE PROPOSED INSTRUCTION NO. 3

**Elements of Count Three- 18 U.S.C. §1752(a)(2)-Disorderly and Disruptive Conduct in a Restricted Building or Grounds**

Count Three of the Indictment charges the defendant with disorderly or disruptive conduct in a restricted building or grounds.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct;

2. Second, that the defendant did so knowingly and with the intent to impede or disrupt the orderly conduct of Government business or official functions;

3. Third, that the defendant's conduct was in a restricted building or grounds; and

4. Fourth, that the defendant's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.[10]

### Definitions

"Disorderly conduct" occurs when a person acts in such a manner as to cause another person to be in reasonable fear that a person or property in a person's immediate possession is likely to be harmed or taken, uses language likely to produce violence on the part of others, or language that is unreasonably loud, abusive, and disruptive under the circumstances. It is behavior that tends to disturb the public peace, offend public morals, or undermine public safety.[11]

"Disruptive conduct" is a disturbance that interrupts an event, activity, or the normal course of a process.[12]

---

[10] *Id*. at 33.
[11] *See also United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 38.
[12] *Id*. at 34.

## DEFENSE PROPOSED INSTRUCTION NO. 4

**Elements of Count Four- 40 U.S.C. §5104(e)(2)(A)-Entering or Remaining on the Floor Of Congress**

Count Four of the Indictment charges the defendant with entering or Remaining on the Floor of Congress and in any cloakroom and lobby adjacent to that floor, in the Rayburn Room of the House of Representatives, and in the Marble Room of the Senate, without authorization to do so.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1.  First, that the defendant entered or remained on the floor of a House of Congress without authorization to do so; and

2.  Second, that he acted willfully and knowingly.[13]

<u>Definitions</u>

The term "Knowingly" shall have the same meaning as that described in the instructions for Count One.

An act is done "willfully" if done deliberately and intentionally, with the specific intent to do something that the law forbids, that is to disobey or disregard the law.[14] An act is not done willfully if it is done as a result of mistake, carelessness, lack of an evil purpose or motive, or some other innocent reason. "Willfully does not, however, require proof that the defendant be aware of the specific law or rule that his conduct may be violating."[15]

---

[13] *See United States v. Brock*, 21-cr-140 (JDB), Transcript of Bench Trial at 408.
[14] 2A Fed. Jury Prac. & Instr. §39:06 (6th ed.)
[15] *Id*. (quoting *United States. v. Allah*, 130 F.3d 33 (2d Cir. 1997). *See also United States v. Andra Vance*, 19-cr-251 (RMM), Final Jury Instructions ECF No. 151 at 33.

**DEFENSE PROPOSED INSTRUCTION NO. 5**

**Elements of Count Five- 40 U.S.C. §5104(e)(2)(D)-Disorderly Conduct in a Capitol Building**

Count Five of the Indictment charges the defendant with Disorderly Conduct in a Capitol Building.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant engaged in disorderly or disruptive conduct in the United States Capitol Buildings;

2. Second, that the defendant did so with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress; and

3. Third, that the defendant acted willfully and knowingly.[16]

<u>Definitions</u>

The term "disorderly or disruptive conduct" has the same meaning described in the instructions for Count 3 defining "disorderly conduct" and "disruptive conduct."

The term "willfully" has the same meaning described in the instructions for Count 4 defining "willfully."

The term "Knowingly" shall have the same meaning as that described in the instructions for Count One.

---

[16] *Robertson*, ECF No. 86 at 25.

## DEFENSE PROPOSED INSTRUCTION NO. 6

**Elements of Count Six- 40 U.S.C. §5104(e)(2)(G)-Parading, Demonstrating, or Picketing in a Capitol Building**

Count Six of the Indictment charges the defendant with Parading, Demonstrating, or Picketing in a Capitol Building.

In order to find the defendant guilty of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

1. First, that the defendant was inside the United States Capitol Building;

2. Second, that the defendant paraded, demonstrated, or picketed; and

3. Third, that the defendant acted willfully and knowingly.[17]

<u>Definitions</u>

The terms "parade" and "picket" have the ordinary meanings of what amounts to parading and picketing. The term "demonstrate" refers to conduct that would disrupt the orderly business of Congress by, for example, impeding or obstructing passageways, hearings, or meetings, but does not include activities such as quiet praying.[18]

The term "willfully" has the same meaning described in the instructions for Count 4 defining "willfully."

The term "Knowingly" shall have the same meaning as that described in the instructions for Count One.

---

[17] *Thompson*, ECF No. 83 at 39.
[18] *Id*.

## INSTRUCTION 1.105 - NOTETAKING BY JURORS

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence.  The notes are intended to be for the notetaker's own personal use.[19]

---

[19] The rest of the defense proposed instructions are the Standard Criminal Jury Instructions for the District of Columbia (4th and 5th ed. rev. 2021) (The Red Book).

**INSTRUCTION 2.102 - FUNCTION OF THE JURY**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts.  While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should determine the facts without prejudice, fear, sympathy, or favoritism. You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

**INSTRUCTION 2.103- JURY'S RECOLLECTION CONTROLS**

If any reference by me or the attorneys to the evidence is different from your own

memory of the evidence, it is your memory that should control during your deliberations.

## INSTRUCTION 2.104- EVIDENCE IN THE CASE

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties. During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience. You should give any evidence such weight as in your judgment it is fairly entitled to receive.

## INSTRUCTION 2.105-STATEMENTS OF COUNSEL

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence.  Similarly, the questions of the lawyers are not evidence.

**INSTRUCTION 2.107**

**BURDEN OF PROOF—PRESUMPTION OF INNOCENCE**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven that he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require the defendant to prove his innocence or to produce any evidence at all. If you find that the government has proven beyond a reasonable doubt every element of a particular offense with which the defendant is charged, it is your duty to find him guilty of that offense. On the other hand, if you find the government has failed to prove any element of a particular offense beyond a reasonable doubt, it is your duty to find the defendant not guilty of that offense.

## INSTRUCTION 2.108-REASONABLE DOUBT

The government has the burden of proving Mr. Sheppard guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that.  It must be beyond a reasonable doubt.

Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Reasonable doubt is the kind of doubt that would cause a reasonable person, after careful and thoughtful reflection, to hesitate to act in the graver or more important matters in life.

However, it is not an imaginary doubt, nor a doubt based on speculation or guesswork; it is a doubt based on reason. The government is not required to prove guilt beyond all doubt, or to a mathematical or scientific certainty.  Its burden is to prove guilt beyond a reasonable doubt.

**INSTRUCTION 2.109**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence from which you may determine what the facts are in this case: direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence.  On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence.  In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**INSTRUCTION 2.110**

**NATURE OF CHARGES NOT TO BE CONSIDERED**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**INSTRUCTION 2.111-NUMBER OF WITNESSES**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You might find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side or you might find the opposite. Please keep in mind that defendants in criminal cases have no obligation whatsoever to produce any evidence or testimony.

### INSTRUCTION 2.112- INADMISSIBLE AND STRICKEN EVIDENCE

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party she or he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

## INSTRUCTION 2.200- CREDIBILITY OF WITNESSES

In determining whether the government has proved the charges against the defendants beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified. You may consider anything that in your judgment affects the credibility of any witness.

For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as a truthful person; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had a full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, or friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including any circumstances that would impair or improve the witness's ability to remember the event, the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony

of different witnesses, may or may not cause you to discredit such testimony. Two or more persons witnessing an incident or transaction may see or hear it differently; an innocent mis- recollection, like a failure of recollection, is not an uncommon experience. In weighing the effect of the inconsistency or discrepancy, always consider whether it pertains to a matter of important or unimportant detail, and whether the inconsistency or discrepancy results from innocent error or intentional falsehood.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**INSTRUCTION 2.207**

**POLICE OR LAW ENFORCEMENT OFFICER'S TESTIMONY**

A police or law enforcement officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because she or he is a police or law enforcement officer.

**INSTRUCTION 2.208- RIGHT OF DEFENDANT NOT TO TESTIFY**

**(if applicable and if desired by defendant)**

Every defendant in a criminal case has an absolute right not to testify. Alexander Sheppard has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You must not assume the defendant is guilty because he chose not to testify.

## INSTRUCTION 2.209- DEFENDANT AS WITNESS

### (if applicable and if desired by defendant)

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has an interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

### INSTRUCTION 3.101- PROOF OF STATE OF MIND

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done or omitted by a defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that the defendant acted with the necessary state of mind.

**Instruction 2.402. Multiple Counts – One Defendant**

Each count of the indictment charges a separate offense. You should consider each offense, and the evidence which applies to it, separately, and you should return separate verdicts as to each count [unless I instruct you to do otherwise]. The fact that you may find the defendant guilty or not guilty on any one count of the indictment should not influence your verdict with respect to any other count of the indictment.

**Instruction 2.106. Indictment Not Evidence**

The indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind – you may not consider it as any evidence of Alexander Sheppard's guilt or draw any inference of guilt from it.