**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Crim. No. 21-cr-203 (JDB) |
| **ALEXANDER SHEPPARD,** : | |
| : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S PROPOSED VOIR DIRE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully requests that the Court read the following narrative and ask the following proposed voir dire questions during jury selection on January 20, 2023. The government also respectfully requests permission to ask follow-up questions of individual prospective jurors as outlined below.

A. **Narrative of the Case**

This is a criminal case entitled *United States* v. *Alexander Sheppard*. It arises out of the events at the U.S. Capitol on January 6, 2021. At that time, Mr. Sheppard resided in Ohio. The government has alleged that Mr. Sheppard committed six crimes relating to Congress's meeting at the United States Capitol on January 6, 2021, to certify the Electoral College vote for president. First, he is charged with obstructing an official proceeding for allegedly interfering with Congress's meeting or aiding and abetting others in the obstruction of that proceeding. Second, he is charged with entering or remaining in a restricted building or grounds. Third, he is charged with disorderly or disruptive conduct in a restricted building or grounds. Fourth, he is charged with entering or remaining in the Rayburn Room of the House of Representatives. Fifth, he is charged with disorderly or disruptive conduct in a Capitol Building. And sixth, he is charged with

1

parading, demonstrating, or picketing in a Capitol Building.  Mr. Sheppard has pleaded not guilty to all charges.

B. **Questions addressed to the full venire:**

The government proposes that the Court address the following questions to the full venire, and ask each juror to mark any "yes" answers on an index card, so that follow-up to those questions can be conducted during individual voir dire:

1. Having now heard a brief description of the case, do you know or have you heard anything about this case?

2. The Government in this case is represented by Assistant United States Attorneys Craig Estes and Sonia Mittal, who will be accompanied by paralegal Marcus Bennett and FBI Special Agent Anthony Lagana.  Defendant Sheppard is represented by Assistant Federal Public Defender Maria Jacob.  Alexander Sheppard resides in Ohio.  Do you know any of these individuals?

[*Each side will introduce its witnesses by name, general area of residence, andemployment.*]

3. Do you know any of the witnesses who have been introduced to you? Do you recognize any other member of the jury panel, any court staff, or me?

The next three questions relate to you, members of your immediate family, and close personal friends.

4. Does anyone in that group now work for, or has anyone in that group ever worked for, any law-enforcement agency? This includes any police department in or outside the District of Columbia, special police officers, prosecutors' offices such as the state's

2

attorney or U.S. Attorney, Park Police, FBI, Department of Justice, Homeland Security, sheriffs' departments, Secret Service, or any other law-enforcement agency.

5. Has any member of that group ever served in the military?

6. Does any member of that group belong to a group or organization that is active in law enforcement or crime victim prevention matters? Some examples of such organizations include: Fraternal Order of Police, Crime Watch, Crime Stoppers, Orange Hats, or other organizations, including any groups on the internet, which monitor or discuss neighborhood crime issues.

7. Has any member of that group ever gone to law school, worked as a lawyer, or worked in a law office?

8. Has any member of that group ever been arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?

9. Do any of you live or work at or near the U.S. Capitol?

10. Does anyone you are close to live or work at or near the U.S. Capitol?

11. Were you at or near the U.S. Capitol on January 6, 2021?

12. Did any of you watch the events at the U.S. Capitol on live TV at that time?

13. I will be instructing the jury at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a law enforcement officer. Does anyone have such strong feelings about law enforcement– either positive or negative – that would make it difficult for you to be a fair juror in the case?

14. Have any of you had an experience as a juror in a previous trial that would affect your ability to be a fair juror in this trial?

15. Let me tell you the likely schedule.  Today is Friday, January 20.  Following the completion of jury selection, you may hear evidence in the case every day next week, from 9:30 am to 5:00 pm each day, with a lunch break from approximately 12:30 pm to 1:45 pm each day.  You will likely begin deliberating before the end of next week.  Once you begin deliberating, I do not know how long your deliberations will last.  But you will not meet past 5:00 pm, and you will not meet on weekends.  Knowing this schedule, would serving as a juror in this case be an extreme hardship to you?

16. Do you have a health or physical problem that would make it difficult to serve on this jury?

17. You are to decide this case based only on the evidence presented in court and not based on anything you may have learned about it from outside sources such as the news or social media.  Can you put aside what you may have already learned about the events of January 6 and any opinions you may have already formed about people charged with criminal conduct in relation to those events when considering the evidence in this case?

18. Do you or someone you know have any direct or indirect connection to events at the U.S. Capitol on January 6, 2021?

19. Have you been following the investigation of the events of January 6, 2021, at the U.S. Capitol in the news media or on the internet?

20. Do you have strong feelings or opinions about the events that took place at the U.S. Capitol on January 6 that would make it difficult for you to serve as a fair and impartial juror in this case?

21. Do you believe that people who are charged with criminal offenses for their participation in the events at the U.S. Capitol on January 6 are likely guilty of criminal wrongdoing?

22. Do you have an opinion about people who believe that the 2020 presidential election was stolen, that would make it hard for you to serve as a fair and impartial juror in a case where the defendant is such person?

23. Do you have an opinion about people who strongly support President Donald Trump that would make it hard for you to serve as a fair and impartial juror in a case where the defendant is such person?

24. Were you, any members of your family, or any close friends directly affected by the events at the U.S. Capitol on January 6?

25. Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021, on the news or on the Internet?

26. Have you ever watched video of this defendant relating to January 6, 2021, on the news or on the Internet or in any other way?

27. Have you ever watched video of this defendant, Mr. Sheppard, from January 6, 2021, on the news, social media platforms, or the internet?

28. Have you read any articles regarding this defendant, Mr. Sheppard, relating to January 6, 2021, on the internet or social media platforms?

29. Have you watched any portion of the TV coverage of hearings by the "January 6" committee in the House of Representatives?

30. Based on what you have seen or heard, if anything, about Mr. Sheppard, relating to January 6, 2021, have you formed any opinions about Mr. Sheppard's guilt or innocence?

31. No matter what you have heard or seen about events at the U.S. Capitol on January 6, 2021, and no matter what opinions you may have formed, can you put all of that aside and decide this case only on the evidence you receive in court, follow the law as I will instruct you on it, and decide the case in a fair and impartial manner?

32. Are you able to read, speak, and understand the English language?

33. Do you have any trouble seeing or hearing?

34. Do you have trouble paying attention for long periods of time?

35. Do you take medication or suffer from any physical pain that makes it difficult for you to sit and focus for long periods of time?

36. Does jury service raise COVID-19 safety concerns for you?

37. Do you presently care for someone who has COVID-19 or who is recovering from COVID-19?

38. Do you hold religious beliefs that prevent you from passing judgment on others?

39. Do you get your news from any of the following sources:

    a. Newspapers

    b. TV

    c. Radio

    d. Social media

    e. Podcasts

    f. Internet searches

40. Do you use social media?

41. Have you ever filed a lawsuit, or had a lawsuit of any kind filed against you, by anyone in court?

42. Do you watch courtroom, law-related, or crime-related TV shows?

43. Do you have any opinions concerning the following which would affect your ability to be a fair and impartial juror:

    g. Criminal prosecutors

    h. Criminal defense attorneys

    i. FBI agents

    j. The "federal government" in general

    k. Military service

    l. Law-enforcement?

    m. A defendant accused in a criminal case?

44. Under certain circumstances, the government can obtain authorization from a judge to search a premises or electronic media to obtain evidence including, but not limited to, emails, text messages, video recordings, letters, financial information and other materials or information.  I will instruct you that any evidence that is presented to you at trial was obtained legally and you can consider it.  Do you have concerns about your ability to follow this instruction?

45. Do you think that your political views, or those of your partner, will affect your service as a juror in this case?

46. If you are selected as a juror in this case, I will instruct you to avoid all media coverage, including radio, television, podcasts, and social media, and not to use the internet with

regard to this case for any purpose. That is, you will be forbidden from reading newspaper articles about this case, listening to radio and podcast stories about this case, watching TV news about this case, Googling this case or any of its participants, blogging or tweeting about this case, or reading or posting comments about this case on any social media sites. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

47. Jurors are the sole judges of the facts. However, the jury must follow the principles of law as instructed by me. The jury may not follow some rules of law and ignore others. Even if the jury disagrees or dislikes the rules of law or does not understand the reasons for some of the rules, it is their duty to follow them. Do you have any personal beliefs that would make it difficult to follow my legal instructions, whatever they may be?

48. Do you disagree with the principles of law that during his trial (i) the defendant is presumed to be innocent, (ii) the defendant has the right to remain silent, (iii) the defendant has no burden whatsoever to establish his innocence, because (iv) the government has the burden of proving its case beyond a reasonable doubt?

49. My final question is a "catch-all question." This asks whether there is any other reason that I haven't asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason that you believe would make it hard for you to be fair. In sum, is there some other reason that would make it difficult for you to sit as a fair and impartial juror in this case?

C. **Individual Voir Dire by the Court**

After the Court reads the above questions to the full venire, the government respectfully request that the Court conduct individual voir dire, both to follow up on any "yes" answers each juror gave to those questions, and to obtain a limited amount of background information about the juror. The government requests that the Court generally follow up on "yes" responses to the above questions, including but not limited to the follow-up questions listed below. The government also respectfully requests that the Court ask the following background questions of each juror during individual voir dire:

Background questions

1. What is the highest level of school you completed?
2. What is your marital status?
3. Do you have children or step-children? If so, how many, and what are their ages?
4. What is your current occupation?
    i. How long have you been at this job?
    ii. What is your current role at work?
    iii. Does your role include supervisory duties?
5. If you have a partner, what is their occupation?
6. How long have you lived in the District of Columbia?

Specific Follow-up Questions:

1. To follow up on question 8 above, "Has any member of that group ever been arrested for, convicted of, or charged with a crime or been a victim of or witness to a crime?":
    a. If so, did you feel that you, or your family member of close friend, were treated fairly?
    b. Why or why not?

2. To follow up on question 14 above, "Have any of you had an experience as a juror in a previous trial that would affect your ability to be a fair juror in this trial?":

    a. When you served as a juror in a prior case, was it a criminal case or a civil case?

    b. Did you reach a verdict?

    c. Was there anything about your experience as a juror which would make you not want to serve again?

3. To follow up on question 25 above, "Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021, on the news or on the Internet?":

    a. How many times have you seen videos of that event, in whole or in part, on TV or on the internet?  (1 time, 2-3 times, 4-5 times, 6 or more times)

4. To follow up on question 27 above, "Have you ever watched video of this defendant, Mr. Sheppard, from January 6, 2021, on the news, social media platforms, or the internet?"

    a. How many times have you seen videos of the defendant, in whole or in part, on TV or on the internet?  (1 time, 2-3 times, 4-5 times, 6 or more times)

5. To follow up on question 28 above, "Have you read any articles regarding this defendant, Mr. Sheppard, from January 6, 2021, on the internet or social media platforms?"

    a. What website or social media platforms did you read the article from?

6. To follow up on question 39 above, "Do you get your news from any of the following sources: Newspapers?  TV?  Radio?  Social media?  Podcasts? Internet Searches?"

    a. What is the name of the [newspaper, TV, radio station/program, social media platform/podcast] from which you get your news?

7. To follow up on question 40, "Do you use social media?":

    a. What platform(s) do you use?

    b. What do you use them for?

8. To follow upon question 41, "Have you ever filed a lawsuit, or had a lawsuit of any kind filed against you, by anyone in court?":

    a. Please indicate who brought the lawsuit, what it was about, and the result of the lawsuit.

9. To follow up on question 42, "Do you watch courtroom, law-related, or crime-related TV shows?"

    a. What do you watch?

10. To follow up on question 43, "Do you have any opinions concerning the following which would affect your ability to be a fair and impartial juror…"

    a. Please describe your opinions and explain why they would interfere with your ability to be a fair and impartial juror.

**D. Attorney Conducted Follow-Up Questions**

The government respectfully requests that, following the Court's individual voir dire, each party be permitted to ask additional follow-up questions of the prospective jurors.

    Respectfully submitted,

    Matthew M. Graves
    United States Attorney
    D.C. Bar No. 481052

    /s/ *Sonia Mittal*
    Sonia Mittal
    Craig Estes
    Assistant United States Attorneys
    601 D Street, N.W.
    Washington, D.C. 20001
    (202) 821-9470
    sonia.mittal@usdoj.gov