UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **United States of America**, | ) |
| | ) |
| **v.** | ) |
| | ) No. 21-203 (JDB) |
| **Alexander Sheppard,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### ADDITIONAL DEFENSE PROPOSED JURY INSTRUCTIONS

Mr. Sheppard, through counsel, respectfully moves this Court to permit the below revised jury instruction be given in the above case, which revises and adds to the definition of "corruptly" in Defense Proposed Instruction No. 1.

## DEFENSE PROPOSED INSTRUCTION No. 1[1]

**Elements of the Offense 18 U.S.C. §1512(c)(2) (Obstruction of an Official Proceeding)**

For you to find the defendant guilty of the crime charged in Count One of the Indictment, you must find that the government has proven each of the following elements beyond a reasonable doubt:

1. First, that the defendant attempted to and did obstruct or impede any official proceeding;

2. Second, the defendant intended to obstruct or impede the official proceeding;

3. Third, the defendant acted knowingly, with awareness that the natural and probable effect of his conduct would be to obstruct or impede the official proceeding, and;

4. Fourth, that the defendant acted corruptly.

<u>Definitions</u>

The term "official proceeding" is a formal hearing before a tribunal.[2] The official proceeding need not be pending or about to be instituted at the time of the offense. If the official proceeding was not pending or about to be instituted, the government must prove beyond a reasonable doubt that the official proceeding was reasonably foreseeable to the defendant.

A person acts "knowingly" if he realizes what he is doing and is aware of the nature of the conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

---

[1] *See United States v. Guy Reffitt*, 21-cr-32 (DLF), Final Jury Instructions, ECF No. 119 at 25; *United States v. Thomas Robertson*, 21-cr-34 (CRC), Final Jury Instructions, ECF No. 86 at 12-13.
[2] *United States v. Ermoian*, 752 F.3d 1165, 1172 (9th Cir. 2013). Defense counsel acknowledges that this meaning was not accepted by several judges in this court in opinions issued in response to motions to dismiss this charge. However, in *United States v. Sandlin*, 21-cr-088 (DLF), ECF No. 63 at 7, the court did agree that "official proceeding" is one that must be akin to a formal hearing.

An act is done "corruptly" if it is done voluntarily, intentionally, and dishonestly, either to bring about an unlawful result or a lawful result by some unlawful method, with a hope or expectation or other financial gain or to obtain an unlawful benefit for himself or an associate.[3] The defendant must also act with "consciousness of wrongdoing," which means an understanding or awareness that what the person is doing is wrong or unlawful.

Not all attempts to obstruct or impede an official proceeding involve acting corruptly. For example, a witness in a court proceeding may refuse to testify by invoking his constitutional privilege against self-incrimination, thereby obstructing or impeding the proceeding, but he does not act corruptly. In contrast, an individual who obstructs or impedes a court proceeding by bribing a witness to refuse to testify in that proceeding, or by engaging in other independently unlawful conduct, does act corruptly.[4]

If you find Mr. Sheppard guilty of any of the other charges in the indictment, that finding alone is not sufficient to determine that he acted corruptly for purposes of Count 1, Obstruction of an Official Proceeding. The "unlawful purpose" and corrupt intent must be directly tied to the official proceeding.

The word "attempt" in the first element means that the defendant had the intent to do the act and took a substantial step towards completing it. In connection with that, it would not be enough to show merely that the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of

---

[3] *Reffit,* ECF 119 at 25; *See also United States v. Agular*, 515 U.S. 593, 616-17 (1995) (Scalia, J. concurring); *See also United States v. Montgomery*, 578 F. Supp. 3d 54, 83 (D.D.C. 2021) ("The predominant view among the courts of appeals is that the 'corruptly' standard requires at least an 'improper purpose' and an 'intent to obstruct.'); *See also United States v. Friske*, 640 F.3d 1288 (11th Cir. 2011) (a violation of §1512(c)(2) requires proof of engaging in conduct "knowingly and dishonestly with the specific intent to subvert, impede or obstruct [the proceeding].").
[4] *Reffitt*, ECF No. 119 at 25-26.

thinking about the crime to actually intending to commit it. Nor would it be sufficient if the defendant simply made plans to commit the offense; the evidence must show that the defendant took clear steps to carry out his intent. If you find either that defendant knowingly committed the act or attempted to commit it, the first element is satisfied.[5]

### Aiding and Abetting[6]

A person may be guilty of an offense because he personally committed the offense himself or because he aided and abetted another person in committing the offense. A person who has aided and abetted another person in committing an offense is often called an accomplice. The person whom the accomplice aids and abets is known as the principal.

In this case, the government alleged that Mr. Sheppard aided and abetted others in committing Obstruction of an Official Proceeding as charged in the indictment. In order to find Mr. Sheppard guilty of obstruction of an official proceeding because he aided and abetted the commission of this offense, you must find that the government proved beyond a reasonable doubt each of the following four requirements:

> First: that others committed the offense charged by committed each of the elements of the offense charged, as I have explained those elements to you in these instructions.
>
> Second: that Mr. Sheppard had advance knowledge that the offense charged was going to be committed or was being committed by others.[7]
>
> Third: That Mr. Sheppard knowingly did some act for the purpose of aiding, assisting, facilitating, or encouraging others in committing the specific offense charged and with the intent that others commit that specific offense;
>
> Fourth: That Mr. Sheppard performed an act in furtherance of the offense charged.

---

[5] *United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 29.
[6] 18 U.S.C. § 2(a); Third Circuit Model Jury Instructions 7.02; *See also United States v. Riley Williams*, 21-cr-618 (ABJ), Final Jury Instructions, ECF No. 122 at 29-31; *United States v. Hale-Cusanelli*, 21-cr-37 (TNM), Final Jury Instructions, ECF No. 84 at 29-30.
[7] *See Rosemond v. United States*, 572 U.S. 65, 81-82 (2014) ("The District Court erred…because it did not explain that Rosemond needed advance knowledge of a firearm's presence.").

In deciding whether Mr. Sheppard had the required knowledge and intent to satisfy the third requirement for aiding and abetting, you may consider both direct and circumstantial evidence including Mr. Sheppard's words and actions and other facts and circumstances. However, evidence that Mr. Sheppard merely associated with persons involved in a criminal venture or was merely present or was merely a knowing spectator during the commission of the offense is not enough for you to find him guilty as an aider and abetter. If the evidence shows that Mr. Sheppard knew the offense was being committed or was about to be committed, but does not also prove beyond a reasonable doubt that it was Mr. Sheppard's intent and purpose to aid, assist, encourage, facilitate or otherwise associate himself with the offense, you may not find him guilty of the offense as an aider and abetter. The government must prove beyond a reasonable doubt that Mr. Sheppard in some way participated in the offense committed by others as something Mr. Sheppard wished to bring about and to make succeed.