UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| v. | ) | No. | 21-cr-203 (JDB) |
| ALEXANDER SHEPPARD | ) | | |
| | ) | | |
| Defendant. | ) | | |
| | ) | | |

## REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE] MOTION FOR NEW TRIAL AND MOTION TO POSTPONE SENTENCING

Alexander Sheppard, through undersigned counsel, submits the following reply to the government's response filed on April 26, 2023, (ECF No. 101). For the following reasons, it is in the interests of justice to permit Mr. Sheppard to file a motion for new trial pursuant to Federal Rules of Criminal Procedure 33 in light of the decision in *United States v. Fischer*, No. 22-3038, 2023 WL 2817988 (D.C. Cir. Apr. 7, 2023).

**I.** **The Court may grant permission to late file a motion for a new trial**

Rule 33 specifies that "upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. Pro. 33. The government, in its response, argues that Rule 33 is an inflexible rule with regards to the time requirement specified in Rule 33(b) (2).[1] *See* Gov. Res. at 1. However, pursuant to Rule 45(b), the court may extend the time on its own, or for good cause may do so on a party's motion "after the time expires if the party failed to act because of excusable neglect."

---

[1] The Advisory Committee Notes discuss the various amendments over the years to Rule 33 and in 2005, specifically discuss how the court has the authority to grant a significant extension of time to the filing requirements as long as it does so within a 7 day period. Fed. R. Crim. Pro. 33, Advisory Committee Notes. The Committee further discusses its disagreement with the timing requirements to act on a motion to extend the time for filing within a period of time. *Id.*

Contrary to the government's assertion, Mr. Sheppard's disagrees request clearly meets the standard for "excusable neglect" identified by the Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). *See also* § 590 Time Limits, 3 Fed. Prac. & Proc. Crim. § 590 (5th ed.). The Supreme Court in *Pioneer* held that courts are permitted to accept late filings "caused by inadvertence, mistake, or carelessness, as well as by *intervening circumstances beyond party's control*." *Id.* (emphasis added). The Court identified factors that the government has already outlined in its response, including the factors that exist in this case – that the reason for the delay was not within counsel's reasonable control and that counsel acted in good faith. *Id.* at 395.

Firstly, the *Fischer* decision was issued on April 7, 2023 – which was beyond counsel's control entirely. Furthermore, the decision is fractured, over 100 pages, and complicated – requiring careful attention and analysis. The government unmercifully argues that 19 days is not excusable and that counsel should have immediately filed this request after the *Fischer* decision if Mr. Sheppard was "contemplating" such an approach.[2] However, this argument fails to acknowledge the reasonable realities of the time it takes to fully digest such a complicated opinion and consider its implications on a particular case. It would be different if counsel had waited months and it would be different if counsel read the opinion and decided not to act purposefully until one day prior to sentencing. However, that is not what happened here. As soon as counsel learned that the *Fischer* decision impacted Mr. Sheppard's case, counsel immediately requested leave to file a motion for a new trial.

---

[2] It is surprising the government takes this position in light of its ongoing representations in January 6 cases regarding late discovery disclosures given the "voluminous discovery" in these cases. Most defense counsel have agreed to extensions of time – recognizing the government's clearly late disclosures were nonetheless reasonable given the circumstances. Here the government, objects it appears on the basis that 19 days is unreasonable.

Secondly, counsel for Mr. Sheppard acted in good faith and alerted the Court immediately that this issue had arisen and apologized for the unfortunate timing. Counsel for Mr. Sheppard is acting in good faith by wishing to raise a claim that she believes is meritorious and that by not doing so – could actually be considered ineffective as Mr. Sheppard's counsel. Counsel did not delay for any strategic reason and was diligently working on Mr. Sheppard's sentencing preparation – which was extensive. Furthermore, in citing to the first *Pioneer* factor, there is absolutely *zero* prejudice to the government here by continuing sentencing. On the other hand, the prejudice to Mr. Sheppard could possibly be irreparable.

**II.     A motion for new trial would be meritorious**

Lastly, the government briefly glosses over the meritorious nature of such a motion for a new trial by referencing ongoing litigation that does not eliminate the present concurrence issued by Judge Walker in *Fischer* – making that definition controlling law at this point in the District Court. In the ongoing appeal the government notes in *United States v Robertson*, No. 22-3062 (D.C. Cir. Apr. 18, 2023), the government has requested that the *Circuit Court* not consider Judge Walker's definition as controlling. However, that does not have any bearing over whether the definition is now controlling law in the District Court. Furthermore, Judge Pan, who issued the lead opinion in *Fischer*, did not disagree with Judge Walker's concurrence and acknowledged Judge Walker's definition, among two others she identified. Judge Walker's concurrence specifically notes that without this definition of corruptly, the entire statute ceases to be constitutional. Therefore, his concurrence was predicated on the understanding that this was the correct definition of corruptly.

Lastly, the government's reliance on this Court's previous decision in *United States v. Larry Brock*, 21-cr-140 (JDB), ECF No. 107, is completely misplaced. The defense in *Brock*

filed a motion for release pending appeal – it was not a request for leave to file a motion for a new trial. The difference between the two is clear. In this matter, Mr. Sheppard asserts there were jury instructions given inconsistent with the now controlling law in *Fischer*. In *Brock*, the defendant proceeded to a bench trial where the Court made a factual finding regarding whether the defendant acted "corruptly," so the Court could consider what it would find under the now-controlling definition of corruptly. By contrast, here, the Court is not the fact-finder and must consider that a jury was not instructed correctly as to a critical element of the offense. This request is entirely different than the *Brock* case, and an entirely different standard applied.

### III.     A common sense approach, at a minimum, requires a continuance for sentencing

Given the pending *Roberston* case – that will ultimately decide the impact of Judge Walker's definition, the Court should at a minimum, postpone sentencing. Given the ongoing litigation, it would be prudent to wait for the outcome of *Robertson* before denying Mr. Sheppard the opportunity to move for a  new trial. Another Court did the same (on a different issue) in *United States v. Edwards et al*, 20-cr-066 (RDM), where it stayed sentencing to await the Supreme Court's decision in *Dubin v. United States* – a case that will impact whether the defendants in that case are entitled to a new trial. Similarly, the Court should, at a minimum, await the outcome of *Robertson* before sentencing Mr. Sheppard.


WHEREFORE, Mr. Sheppard respectfully requests that the Court permit the defense to file a motion for a new trial and to continue sentencing until that motion is decided.


Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER

_____/s/_____
Maria N. Jacob
Assistant Federal Public Defender
D.C. Bar No. 1031486
625 Indiana Ave. NW, Ste. 550
Washington, D.C. 20004
(202) 208-7500
Maria_jacob@fd.org