UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case. No. 21-CR-203 (JDB) |
| ) | |
| ALEXANDER SHEPPARD ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S SECOND MOTION FOR RELEASE PENDING APPEAL

Pursuant to 18 U.S.C. §§ 3141(b) and 3143(b) and Fed. R. Crim. P. 46(c) & 38(b)(1), Defendant Alexander Sheppard respectfully moves this Court for release pending appeal. Mr. Sheppard satisfies the criteria for release because he poses no flight or safety risk, his appeal is not for the purpose of delay, and his appeal raises a substantial question of law that, if decided in his favor, would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. In particular, a substantial question exists as to whether the statute underlying Mr. Sheppard's sole felony conviction, 18 U.S.C. § 1512(c)(2), applies to his conduct on January 6, 2021, in light of the Supreme Court's recent decision to grant certiorari in *Fischer v. United States,* No. 23-5572, 2023 WL 8605748 (Dec. 13, 2023).

## Background

On March 12, 2021, Mr. Sheppard was charged by indictment with six counts: Obstruction of an Official Proceeding and Aiding and Abetting under 18 U.S.C.

1

§ 1512(c)(2) and 2 (Count One); Entering and Remaining in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(1) (Count Two); Disorderly and Disruptive Conduct in a Restricted Building or Grounds under 18 U.S.C. § 1752(a)(2) (Count Three); Entering and Remaining on the Floor of Congress under 40 U.S.C. § 5104(e)(2)(A) (Count Four); Disorderly Conduct in a Capitol Building under 40 U.S.C. § 5104(e)(2)(D) (Count Five); and Parading, Demonstrating, or Picketing in a Capitol Building under 40 U.S.C. § 5104(e)(2)(G) (Count Six). Dkt. 8 (Indictment).

On October 21, 2022, Mr. Sheppard filed a motion to dismiss several of the charges against him. Dkt. 37. As to Count One, Mr. Sheppard argued, among other things, that his conduct on January 6 failed to fit within the scope of Section 1512(c)(2) because "the indictment does not allege or imply that Mr. Sheppard took any action with respect to a document, record, or other object in order to corruptly obstruct, impede or influence Congress's certification of the electoral vote." *Id.* at 20. This Court rejected the argument that Section 1512(c)(2) was limited to such actions. Dkt. 63 at 7-8. Later, on April 7, 2023, the D.C. Circuit decided *Fischer*, adopting a "broad interpretation" of Section 1512(c)(2) that "encompass[es] all forms of obstructive acts[,]" not just those related to a "record, document, or other object" as mentioned in Section 1512(c)(1). *United States v. Fischer*, 64 F.4th 329, 337 (D.C. Cir. 2023*), cert. granted*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023).

On January 26, 2023, following a five-day jury trial, Mr. Sheppard was found guilty of all counts except Entering and Remaining on the Floor of Congress under 40

U.S.C. § 5104(e)(2)(A) (Count Four). Dkt. 86 (Verdict Form). On September 5, 2023, Mr. Sheppard was sentenced to an aggregate term of 19 months (19 months on Count 1; 12 months on each of Counts 2 and 3; and 6 months on each of Counts 5 and 6, all to run concurrently), followed by 24 months of supervised release (24 months on Count 1; 12 months on each of Counts Two and Three, all to be served concurrently). Dkt. 108 at 3-4 (Judgment).

On October 29, 2023, Mr. Sheppard moved for release pending appeal. Dkt. 116. He argued that, in light of the D.C. Circuit's recent ruling in *United States v. Robertson*, 86 F.4th 355 (D.C. Cir. 2023), "the evidence at Mr. Sheppard's trial was not sufficient to sustain a conviction for Obstruction of an Official Proceeding because there was no evidence that Mr. Sheppard used 'independently felonious means' to obstruct the vote." *Id.* at 5. He also noted the likelihood of the Supreme Court granting the petition for certiorari in *Fischer*. *Id.*

This Court denied Mr. Sheppard's motion. Dkts. 118, 119. Notably, the Court first concluded that "Sheppard has shown he is not a flight risk or danger to the community on release." Dkt. 119 at 3. The Court then held, however, that Mr. Sheppard's appeal failed to raise a substantial question of law, as required under § 3143(b)(1)(B). *Id.* at 13. The Court read *Robertson* as "suggest[ing] a broader construction of [the corruptly] element," that is not limited to independent felonious conduct. *Id.* at 8. It therefore concluded that "the evidence was sufficient to support

3

Sheppard's conviction." *Id.* at 10.[1]  Finally, the Court stated in a footnote that, "[b]ecause [it] ha[d] determined that Sheppard ha[d] not raised a substantial question of law, the Court w[ould] not reach the question of whether a sentence of less than twelve months would have been imposed without Sheppard's felony conviction." *Id.* at 13 n.3.

On December 13, 2023, the Supreme Court granted certiorari in *Fischer*, which presented the following question: "Did the D.C. Circuit err in construing 18 U.S.C. § 1512(c) ('Witness, Victim, or Informant Tampering'), which prohibits obstruction of congressional inquiries and investigations, to include acts unrelated to investigations and evidence?"  Pet. for a Writ of Certiorari at i, *Fischer v. United States,* No. 23-5572 (Sept. 11, 2023), *cert. granted*, 2023 WL 8605748 (Dec. 13, 2023).

### **Grounds for Release Pending Appeal**

Where a judicial officer finds—

(A)     by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and

(B)     that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

      (i)      reversal,

      (ii)     an order for a new trial,

---

[1] The Court also held that Mr. Sheppard "fail[ed] to demonstrate any close question about whether the Court's jury instruction was incorrect for excluding his proposed language requiring proof that he 'sought an unlawful benefit for himself or an associate.'" Dkt. 119 at 11.

4

>   (iii)   a sentence that does not include a term of imprisonment, or
>
>   (iv)   a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> . . . such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1).

After determining that a defendant is neither a flight risk nor a danger to the community, courts use a two step-inquiry to determine whether to release that defendant pending appeal under § 3143(b)(1): "(1) Does the appeal raise a substantial question? (2) If so, would the resolution of that question in the defendant's favor be likely to lead to [one of the options enumerated in § 3143(b)(1)(B)(i)–(iv)]?" *United States v. Perholtz*, 836 F.2d 554, 555 (D.C. Cir. 1987) (per curiam). "[A] substantial question is a close question or one that very well could be decided the other way." *Id.* (internal quotation marks omitted). In light of the Supreme Court's decision to hear *Fischer*, Mr. Sheppard meets all of the statutory criteria for release pending appeal.

**A.   Mr. Sheppard poses no flight or safety risk.**

Mr. Sheppard's behavior since the inception of this case has demonstrated by clear and convincing evidence that he will not flee and is not a safety risk. As explained in his first motion for release pending appeal, Mr. Sheppard is remorseful for his conduct on January 6; he has substantial support from friends and family who

report that his January 6 conduct was out of character; prior to his incarceration, he maintained steady employment; he was cooperative with the investigation in his case and courteous in court; and, aside for a traffic offense that was resolved, Mr. Sheppard was compliant with his conditions of release and has no other criminal history. Dkt. 116 at 6-7.

As this Court already explained in its decision on Mr. Sheppard's first motion for release pending appeal, Mr. Sheppard's "general compliance with his conditions, his maintenance of a job, and his close connections with his family suggest he is unlikely to flee or reoffend while waiting on the outcome of his appeal." Dkt. 119 at 3. Accordingly, this Court concluded that "Sheppard has shown he is not a flight risk or danger to the community on release." *Id.* That same finding is warranted today.

**B.     Mr. Sheppard's appeal raises a substantial question and therefore is not for the purpose of delay.**

In light of the Supreme Court's grant of certiorari in *Fischer*, whether Section 1512(c)(2) applies to Mr. Sheppard's conduct undoubtedly is a substantial question of law.

A "substantial question" within the meaning of § 3143(b) is "'a close question or one that very well could be decided the other way.'" *Perholtz*, 836 F.2d at 555 (citing *United States v. Bayko*, 774 F.2d 516, 523 (1st Cir. 1985)). This standard does not require the Court to find that Mr. Sheppard's appeal establishes a likelihood of *reversal*. *See Bayko*, 774 F.2d at 522-23. Rather, the Court must "evaluate the difficulty of the question" on appeal, and grant release pending appeal if it determines

that the question is a close one or one that "'very well *could* be decided'" in the defendant's favor. *United States v. Shoffner,* 791 F.2d 586, 589 (7th Cir. 1986) (emphasis added) (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir. 1985)).

As the Court is aware, Mr. Sheppard has challenged the application of the felony obstruction count, 18 U.S.C. § 1512(c)(2), in this case on numerous grounds, including that the January 6 electoral count was not an "official proceeding," Dkt. 37 at 7-10; that Section 1512(c)(2) is unconstitutionally vague as applied, *id.* at 10-18; that the Court's jury instruction on "corruptly" was erroneous, Dkt. 100 at 1; and that, in light of the *Robertson* decision, there was insufficient evidence of Mr. Sheppard's *mens rea* to sustain the conviction, Dkt. 116 at 1.[2]

Most relevant here, however, is Mr. Sheppard's argument that the conduct he was accused of committing cannot qualify as conduct that "otherwise obstructs, influences, or impedes" an official proceeding because § 1512(c)(2) is limited by § 1512(c)(1). Dkt. 37 at 18-21. Read as such, subsection (c)(2) prohibits only conduct "with respect to a document, record, or other object." *Id.* at 20. As to that issue,

---

[2] Mr. Sheppard maintains that the other issues he raised regarding Section 1512(c)(2), including the *mens rea* issue that resulted from *Robertson*, also warrant release pending appeal. *See* Dkt. 116. While this Court previously disagreed, *see* Dkt. 119, the Supreme Court's grant of certiorari in *Fischer* also makes the *mens rea* issue more substantial. While the question presented in *Fischer* relates to Section 1512(c)(2)'s *actus reus*, numerous judges have commented on the statute's *mens rea* in discussing the scope of the *actus reus*. *See, e.g., Fischer,* 64 F.4th at 351 (Walker, J., concurring in part and concurring in the judgment) ("I believe that we *must* define that mental state to make sense of (c)(2)'s act element.") (emphasis in original).

substantiality is no longer hypothetical or debatable: the Supreme Court has granted certiorari to assess whether the D.C. Circuit erred in adopting a broad reading of 18 U.S.C. § 1512(c) "to include acts unrelated to investigations and evidence." *See* Pet. for a Writ of Certiorari at i, *Fischer v. United States,* No. 23-5572 (Sept. 11, 2023), *cert. granted*, 2023 WL 8605748 (Dec. 13, 2023). The Supreme Court granting certiorari is, of course, an incredibly strong indication of substantiality. *See, e.g.*, Sup. Ct. R. 10 ("The following . . . indicate the character of the reasons the Court considers [when reviewing a writ of certiorari]: . . . a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court.").

C. **Resolution of this substantial question in Mr. Sheppard's favor would likely result in a reduced imprisonment sentence that would expire before the appeal concludes.**

If decided in Mr. Sheppard's favor, his appellate challenge to the applicability of Section 1512(c)(2) would likely result in a reduced imprisonment sentence that would expire before his appeal concludes. Mr. Sheppard's sentence is driven by the 19 months the Court imposed on the felony Section 1512(c)(2) count. The remaining, concurrent sentences for Mr. Sheppard's misdemeanor counts were all less—only 12 months on each of Counts 2 and 3, and only 6 months on each of Counts 5 and 6, representing the maximum sentence statutorily authorized on those counts. Dkt. 108 at 3 (Judgment). As explained below, Mr. Sheppard's sentence absent the obstruction count would likely be "less than the total of the time already served plus the expected

duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B)(iv). This is especially true given that Mr. Sheppard's other counts of convictions would all be misdemeanors if Section 1512(c) is found inapplicable to him.

As an initial point, under the sentencing-package doctrine, each of the misdemeanor sentences would be vacated upon the reversal of the felony obstruction conviction. "This result rests on the interdependence of the different segments of the sentence, such that removal of the sentence on one count draws into question the correctness of the initial aggregate minus the severed element." *United States v. Smith*, 467 F.3d 785, 789 (D.C. Cir. 2006).

Moreover, without Mr. Sheppard's felony conviction, his misdemeanor sentences likely would have been even lower. In other cases involving misdemeanor-only January 6 defendants, this Court has consistently imposed sentences of less than a month of incarceration or probation only.[3] This is true even for those defendants sentenced on the Class A misdemeanors. For example, in *United States v. Lesperance, et al.*, No 21-cr-575 (JDB), three co-defendants were each found guilty of the four

---

[3] *See, e.g.*, *United States v. Bonenberger*, No. 22-cr-102 (JDB) (18 months' probation); *United States v. Nelson*, No. 21-cr-344-1 (JDB) (24 months' probation); *United States v. Markofski*, No. 21-cr-344-2 (JDB) (24 months' probation); *United States v. Fee*, No. 21-cr-133 (JDB) (24 months' probation); *United States v. Tagaris*, No. 21-cr-368 (JDB) (24 months' probation); *United States v. Ticas*, No. 21-cr-601 (JDB) (14 days' incarceration plus 24 months' probation); *United States v. Ayres*, No. 21-cr-156 (JDB) (24 months' probation); *United States v. Buxton*, No. 21-cr-739 (JDB) (18 months' probation); *United States v. Johnson, Jr*, No. 22-cr-228-1 (JDB) (24 months' probation with 60 days' home confinement); *United States v. Lanhan*, No. 22-cr-102 (JDB) (18 months' probation); *United States v. Montoya*, No. 21-cr-336 (JDB) (36 months' probation); *United States v. Pelham*, No. 23-cr-150 (JDB) (time served).

standard January 6 misdemeanors after a jury trial (the same four misdemeanors Mr. Sheppard has). This Court sentenced each to just 10 days' incarceration (the government asked for either seven or nine months' incarceration for each). In *United States v. Ayres*, No. 21-cr-156 (JDB), this Court sentenced the defendant, who had pleaded guilty to violating 18 U.S.C. § 1752(a)(2), to 24 months' probation (the government sought 60 days). And in *United States v. Hazelton*, No. 21-cr-30 (JDB), the defendant pleaded guilty to another of the January 6 felony charges: 18 U.S.C. § 231(a)(3) (Civil Disorder). There, this Court sentenced the defendant to 10 days' incarceration followed by a period of supervised release, despite the government's request for 11 months' incarceration.

Thus, a favorable resolution of the substantial question raised by Mr. Sheppard is very likely to result in a sentence less than the total of the time he has already served given the expected duration of the appeal process. Mr. Sheppard's sentence on his misdemeanor counts would be 12 months or less and he has already served approximately seven weeks of imprisonment. Dkt. 118 at 1 (report date of Nov. 2, 2023). The current median time interval from the filing of a notice of appeal to disposition in the D.C. Circuit is 11.3 months, and this particular appeal may take longer in light of the certiorari grant in *Fischer*.[4] Given that the D.C. Circuit may

---

[4] U.S. Courts of Appeals—Median Time Intervals in Months for Cases Terminated on the Merits, by Circuit, During the 12-Month Period Ending September 30, 2021 (Table B-4), *available at*
https://www.uscourts.gov/sites/default/files/data_tables/jb_b4_0930.2021.pdf.

hold Mr. Sheppard's case in abeyance pending the Supreme Court's decision in *Fischer*, even if nothing else changes, Mr. Sheppard's sentence absent the obstruction count will likely be less than the expected duration of the appeal process plus the total time he has already served. And if *Fischer* is decided favorably before the end of the Supreme Court's term and results in an immediate remand of Mr. Sheppard's case, perhaps the most likely reduced imprisonment sentence for his misdemeanor-only counts—less than a month—certainly will have been served before his appeal concludes.

## Conclusion

For these reasons, Mr. Sheppard respectfully moves for release pending appeal.

Respectfully Submitted,

A. J. KRAMER

Federal Public Defender for the
District of Columbia

by:_____s/_____
Maria Jacob
Assistant Federal Public Defender
625 Indiana Avenue, NW
Washington D.C. 20004
202-208-7500