UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Case. No. 21-CR-203 (JDB) |
| ) | |
| ALEXANDER SHEPPARD ) | |
| ) | |
| Defendant.  ) | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Alexander Sheppard, through undersigned counsel, respectfully submits the following additional authority in support of his second motion for release pending appeal. *See* ECF No. 133.

Today, January 10, 2024, Judge Mehta granted a defendant's motion for release pending appeal in light of the Supreme Court's grant of certiorari in *Fischer v. United States*. *See* ECF No. 85, *United States v. Adams*, No. 21-cr-354 (APM) ("*Adams* Op.") (attached here as Ex. A). Like Mr. Sheppard, Mr. Adams' sole felony conviction was for a violation of 18 U.S.C. § 1512(c)(2) (obstruction of an official proceeding). *Id.* at 1. Mr. Adams was also convicted of violating 18 U.S.C. § 1752(a)(1). *Id.* He was sentenced to fourteen months' incarceration on his felony conviction and twelve months' incarceration on the misdemeanor, and he has been serving his sentence since August 2023. *Id.* For the same reasons Judge Mehta identified in his *Adams* opinion, Mr. Sheppard should be released pending appeal.

1

First, Judge Mehta "f[ound] by clear and convincing evidence that Defendant is not likely to flee and would not pose a danger if released." *Id.* at 2. The Court noted that Mr. Adams lacked the financial resources to flee, has strong community ties, appeared at his court hearings, had very little recent criminal history, had a stable residence and employment before his incarceration, and was permitted to self-surrender after sentencing. *Id.* And "[t]here [wa]s no indication of recent violence or other criminal activity." *Id.* As explained in his motion, the same is true for Mr. Sheppard and, indeed, this Court has already concluded that Mr. Sheppard does not pose a flight or safety risk. *See* ECF 133 at 5-6; ECF 119 at 3.

Second, Judge Mehta held that the question presented in *Fischer v. United States*, No. 23-5572, 2023 WL 8605748 (U.S. Dec. 13, 2023), is a substantial question of law (notably, a conclusion the government does not contest in Mr. Sheppard's case). As the Court explained, "it takes four justices to grant certiorari and, although this court will not attempt to read tea leaves, the Supreme Court's decision to review *Fischer* means, at a minimum, that [Mr. Adams'] case poses a 'close question.'" *Adams* Op. at 3.

Third, Judge Mehta concluded that "a favorable outcome in *Fischer* is 'likely to result in' a 'reversal . . . [or] a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.'" *Id.* (quoting 18 U.S.C. § 3143(b)(1)). The Court first explained that, absent the § 1512(c) conviction, Mr. Adams' guidelines range would drop from 30-37 months to

1-7 months. *Id.* at 4-5. In the event of a favorable ruling in *Fischer*, Mr. Sheppard's guidelines range would also drop significantly.

To start, his base offense level would be either 6 or 10. The Statutory Index to the Guidelines lists two possible applicable guidelines for violations of 18 U.S.C. § 1752: § 2A2.4 (Obstructing or Impeding Officers), which carries a base offense level of 10, and § 2B2.3 (Trespass), which carries a base offense level of 4, plus an additional 2 points if the trespass occurred at a restricted building or ground.[1] For Mr. Sheppard's violation under 18 U.S.C. § 1752(a)(1), there is no debate that § 2B2.3 would apply, resulting in an offense level of 6. There is some debate regarding the appropriate guideline for his violation under 18 U.S.C. § 1752(a)(2). At least one judge on this Court has concluded that § 2B2.3 is the appropriate guideline for violations of § 1752(a)(2). *See* Order, *United States v. Brodnax*, No. 1:21-cr-350 (PLF), ECF 61 (Aug. 18. 2022). And the D.C. Circuit is considering this question in *United States v. Nassif*, No. 23-3069. Mr. Sheppard likely would argue at resentencing that § 2B2.3 is the appropriate guideline. If he succeeded, with the two-point enhancement for obstruction of justice (which Mr. Sheppard is not conceding), he would end up with an adjusted offense level of 8. In that case, his Guidelines range would be 0-6 months (Mr. Sheppard has no criminal history points and accordingly is in Category I).

---

[1] The Guidelines do not apply to Mr. Sheppard's other two offenses, which are petty offenses. *See* U.S.S.G. §1B1.9.

3

If this Court (or the D.C. Circuit) disagrees with Judge Friedman's decision in *Brodnax*, Mr. Sheppard's base offense level would be 10. With the two-point enhancement for obstruction of justice, Mr. Sheppard would have a Guidelines range of 10-16 months. In either case, his range would be far lower than 30-37 months, Mr. Sheppard's range at sentencing with the § 1512(c) conviction. *See* Sentencing Tr. at 25:1.

Moreover, Mr. Sheppard might now qualify for the new downward reduction under U.S.S.G § 4C1.1 (at sentencing, the Court did not formally apply § 4C1.1 as the amendment had not yet taken effect, *see* Sentencing Tr. at 24:6-7). Because Mr. Sheppard did not receive any criminal history points and none of the disqualifying criteria seem to apply to him, his offense level would decrease by two, resulting in either an offense level of 4 (keeping his guidelines range at 0-6) if the Court applies § 2B2.3, or an offense level of 10 (resulting in a guidelines range of 6-12 months) if the Court applies § 2A2.4.[2]

Accordingly, to reach Mr. Sheppard's current 19-month sentence, this Court would have to vary upwards by some number of months. And, as in *Adams*, "[t]here is no basis for such an enhanced sentence in this case." *Adams* Op. at 5. As explained in Mr. Sheppard's reply, "[h]e did not have any leadership role, traveled alone, had

---

[2] As the Court may recall, Mr. Sheppard was involved in a traffic offense during the pendency of his case. Today, undersigned counsel lacks the necessary information to determine whether that offense would result in any criminal history points at resentencing or affect Mr. Sheppard's qualification for the § 4C1.1 reduction.

no prior intent to enter the Capitol building, and did not assault anyone or destroy any property." ECF 137 at 6. In fact, as explained below and in his motion, there is every reason to think this Court would again vary downwards if Mr. Sheppard were resentenced on just the misdemeanors.

Judge Mehta then went on to address Mr. Adams' "likely reduced sentence," concluding that it "likely would be no more than the time Defendant has already served." *Adams* Op. at 5. First, Judge Mehta noted that, in sentencing Mr. Adams the first time, "the court varied below the guidelines range in large part due to Defendant's history and characteristics," and "[t]hat factor would again play a sizeable role in any resentencing." *Id.* at 5-6. Similarly, here, this Court varied downwards considerably (the bottom of Mr. Sheppard's guidelines range was 30, and this Court imposed a sentence of 19 months). The Court's variance was based on, among other things, finding that Mr. Sheppard genuinely regretted his actions on January 6, Mr. Sheppard's age and maturity (again, he was just 21 at the time), his lack of criminal history, the absence of any violence or destructive conduct, and his family and community support. *See* Sentencing Tr. at 60:20-61:7. Those same factors would support a downwards variance from whatever misdemeanor guidelines range Mr. Sheppard would face at resentencing.

Very importantly, Judge Mehta also noted that "[i]f Defendant were to be resentenced on Count Two, he would be a misdemeanant, not a felon." *Adams* Op. at 6. And "[t]his court consistently has imposed sentences of short terms of

incarceration (90 days or less) or probation with home confinement for January 6 defendants convicted only of a misdemeanor." *Id.* And while Mr. Adams actually entered the Senate chamber and made public statements "denying responsibility after his stipulated trial," the Court still concluded that it "likely would have sentenced Defendant to no more than the time he already has served." *Id.* Likewise, here, Mr. Sheppard will be a misdemeanant only if his § 1512(c) conviction is reversed. And, as explained in his motion for release, this Court has sentenced other misdemeanants—even those who went to trial and had the Class A misdemeanors—to very short periods of incarceration. *See* ECF 133 at 9-10 & n.3.

Accordingly, Judge Mehta's opinion in *Adams* provides further support in favor of Mr. Sheppard's motion for release pending appeal.

                    Respectfully Submitted,

                    A. J. KRAMER

                    Federal Public Defender for the
                    District of Columbia

                    by:_____s/_____
                    Molly Runkle
                    Maria Jacob
                    Assistant Federal Public Defender
                    625 Indiana Avenue, NW
                    Washington D.C. 20004
                    202-208-7500
                    molly_runkle@fd.org